## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SERGIO MEJIA,** | : | |
| | : | **Civil No. 3:13-CV-1618** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)[1]** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

## OPINION

### I.   Statement of Facts and of the Case

In its current form this case presents a singular set of circumstances.  The *pro se* plaintiff, a federal prisoner, has sued the United States alleging that in June of 2011 the prison served inmates chicken fajitas.  (Doc. 1)  According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria.  (Id.)  Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating.  (Id.)  Alleging negligence on the part of the prison in the preparation and service of this food, the plaintiff seeks damages from the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq*.

---

[1]The parties have consented to proceed before the undersigned.  (Docs. 29 and 30)

The defendant has now moved for summary judgment alleging that the undisputed facts show that the plaintiff never contracted salmonella food poisoning. Specifically, the defendant alleges that the undisputed evidence shows that on July 6, 2011, Mejia was evaluated by the USP Canaan Health Services Department to determine if he had experienced salmonella poisoning. (DOC. 26, declaration of Barbara Sullivan (Ex. 1) ¶ 4; BEMR Records (Attach. A to Ex. 1)) At that time Mejia denied being ill, but stated that his cell mate was ill. (Id.) On July 9, 2011, Mejia provided staff at the USP Canaan Health Services Department with a stool sample for testing. (Id. ¶ 5; BEMR Records (Attach. A to Ex. 1)) The sample was sent to Wayne Memorial Hospital Laboratory in Honesdale, Pennsylvania. (Id.; Stool Sample Report (Attach. B to Ex. 1)) On July 13, 2011, the Health Services Department at USP Canaan received a laboratory report from Wayne Memorial Hospital. (Id.) The report stated that Mejia's stool sample tested negative for salmonella. (Id.) That report was then reviewed by Dr. Holloway, a medical doctor at USP Canaan, and scanned into Mejia's medical records. (Id.)

Presented with this proof that he never contracted food poisoning, the plaintiff has now elected to ignore the deadline for responding to this summary judgment motion and the facts alleged by the defendant are entirely uncontradicted. Thus, a plaintiff who is alleged to have falsely claimed to have contracted food poisoning, has

now neglected to respond in any way to this factual assertion, an assertion that is fatal to his tort claim.  In the face of this cascading array of procedural failures, we will dismiss this action.

This *pro se* civil rights action was initially brought by the plaintiff, a federal prisoner, through the filing of a complaint on June 17, 2013. (Doc. 1)  As a *pro se* litigant the plaintiff was advised by this Court at this outset of this lawsuit of his responsibilities in this litigation.  Thus, on June 17, 2013, the district court entered its Standing Practice Order in this case, an order which informed the plaintiff of his responsibility to reply to defense motions, and warned him in clear and precise terms of the consequences which would flow from a failure to comply with briefing schedules on motions, stating:

> If the party opposing the motion does not file his or her brief and any evidentiary material within the. . .  time frame [set by local rule], Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion. The motion may therefore be granted if:  (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

(Doc. 4, p.3)

As for summary judgment motions, the Court's Standing Practice Order explained that:

> Local Rule 56.1 requires a motion for summary judgment to be accompanied by a separate document containing a short and concise statement of material facts in numbered paragraphs. Local Rule 56.1 also requires a party opposing a summary judgment motion to file a separate

concise statement of material facts responding to the numbered paragraphs of the moving party's statement. The local rule further requires that the statements of material fact by both parties must include a reference to that part of the record that supports each statement. All parties to a summary judgment motion, either moving for it or opposing it, must comply with the filing requirements of Local Rules 7.1 through 7.8, described above. If a party opposing a summary judgment motion does not support such opposition as required by Rule 56, the motion for summary judgment shall be considered solely upon the affidavits or other supporting evidentiary material filed by the moving party, if any, and the motion may be granted.

(Id., p. 4.)

On January 27, 2014, the defendant filed a summary judgment motion in this case. (Doc. 23) This motion raised a straightforward legal claim, arguing that the plaintiff's claim failed because the undisputed evidence showed that plaintiff had never contracted salmonella food poisoning.

On February 11, 2014, we then underscored for the plaintiff in clear and precise terms his obligation to respond to this motion, as well as the consequences which would flow from a failure to respond, stating:

IT IS ORDERED that the plaintiff shall file a response to the motion in accordance with Local Rule 7.6 on or before **March 4, 2014**. Pursuant to Local Rule 7.7 the movant may then file a reply brief within 14 days of the filing of this response, or on or before **March 18, 2014**. All briefs must conform to the requirements prescribed by Local Rule 7.8. The plaintiff is also placed on notice that a failure to respond to a motion may result in the motion being deemed unopposed and granted. Further, Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and provides that

> Any party opposing any motion, other than a motion for
> summary judgment, shall file a brief in opposition within
> fourteen (14) days after service of the movant's brief, or, if
> a brief in support of the motion is not required under these
> rules, within seven (7) days after service of the motion. *Any
> party who fails to comply with this rule shall be deemed not
> to oppose such motion.*   Nothing in this rule shall be
> construed to limit the authority of the court to grant any
> motion before expiration of the prescribed period for filing
> a brief in opposition.  A brief in opposition to a motion for
> summary judgment and LR 56.1 responsive statement,
> together with any transcripts, affidavits or other relevant
> documentation, shall be filed within twenty-one (21) days
> after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a
motion to dismiss without analysis of the complaint's sufficiency 'if a
party fails to comply with the [R]ule after a specific direction to comply
from the court.' Stackhouse v.Mazurkiewicz, 951 F.2 d 29, 30 (1991)."
Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL
3703808, *1 (M.D. Pa. Aug.26, 2010).  Therefore, a failure to comply
with this briefing order may result in the motion being deemed
unopposed and granted.

(Doc. 28)

Despite this explicit notice, the plaintiff has not responded to this motion, and the time

for responding has now passed.  Therefore, in the absence of any timely response by

the plaintiff, we will deem the motion to be ripe for resolution.

For the reasons set forth below, this motion will be granted.

–5–

## II.   Discussion

### A.   Under The Rules of This Court This Motion to Dismiss Should Be Deemed Unopposed and Granted

At the outset, under the Local Rules of this Court the plaintiff should be deemed to concur in this motion, since the plaintiff has failed to timely oppose the motion, or otherwise litigate this case.  This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this court warrants dismissal of the action, since  Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to  motions and  provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.*  Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition.  A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'  Stackhouse v.

<u>Mazurkiewicz</u>, 951 F.2d 29, 30 (1991)."   <u>Williams v. Lebanon Farms Disposal, Inc.</u>,

No. 09-1704,  2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010).  In this case the

plaintiff has not complied with the Local Rules, or this Court's orders, by filing a

timely response to this motion.  Therefore, these procedural defaults by the plaintiff

compel the Court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal
> Rules are meant to be applied in such a way as to promote justice.  <i>See</i>
> Fed.R.Civ.P. 1.  Often that will mean that courts should strive to resolve
> cases on their merits whenever possible.  However, justice also requires
> that the merits of a particular dispute be placed before the court in a
> timely fashion ...."  <u>McCurdy v. American Bd. of Plastic Surgery</u>, 157
> F.3d 191, 197 (3d Cir.1998).

<u>Lease v. Fishel</u>, 712 F. Supp. 2d 359, 371 (M.D.Pa. 2010).

With this basic truth in mind, we acknowledge another fundamental guiding

tenet of our legal system.  A failure on our part to enforce compliance with the rules,

and impose the sanctions mandated by those rules when the rules are repeatedly

breached, "would actually violate the dual mandate which guides this Court and

motivates our system of justice:  'that courts should strive to resolve cases on their

merits whenever possible [but that] justice also requires that the merits of a particular

dispute be placed before the court in a timely fashion'."  <u>Id.</u>  Therefore, we are obliged

to ensure that one party's refusal to comply with the rules does not lead to an

unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here.  In this case, the plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to this dispositive motion.  This failure now compels us to apply the sanction called for under Rule 7.6 and deem the plaintiff to not oppose this motion.

## B.     Dismissal of this Case Is Also Warranted Under Rule 41

Beyond the requirements imposed by the Local Rules of this Court, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion.  Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted).  That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors.  As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011)(quoting Briscoe v. Klem, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992)." Briscoe v. Klaus, 538 F.3d at 263. Consistent with this view, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus, 538 F.3d at 263. Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir.

2007); Reshard v. Lankenau Hospital, 256 F. App'x 506  (3d Cir. 2007); Azubuko v.

Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in

favor of dismissing this action.  At the outset, a consideration of the first Poulis factor,

the extent of the party's personal responsibility, shows that the delays in this case are

now entirely attributable to the plaintiff, who has failed to abide by court orders, and

has otherwise neglected to litigate this case, or respond to defense motions.

Similarly, the second Poulis factor– the prejudice to the adversary caused by the

failure to abide by court orders–also calls for dismissal of this action.  Indeed, this

factor–the prejudice suffered by the party seeking sanctions–is entitled to great weight

and careful consideration.  As the United States Court of Appeals for the Third Circuit

has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in
> support of a dismissal or default judgment."  Adams v. Trustees of N.J.
> Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d
> Cir.1994) (internal quotation marks and citation omitted).  Generally,
> prejudice includes "the irretrievable loss of evidence, the inevitable
> dimming of witnesses' memories, or the excessive and possibly
> irremediable burdens or costs imposed on the opposing party." Id. at 874
> (internal quotation marks and citations omitted). . . .  However, prejudice
> is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware
> v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir.2003); Curtis T. Bedwell
> & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d
> Cir.1988). It also includes "the burden imposed by impeding a party's
> ability to prepare effectively a full and complete trial strategy." Ware,
> 322 F.3d at 222.

Briscoe  v. Klaus, 538 F.3d at 259-60.

In this case the plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action. In such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge.  Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor-the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action is now appropriate.  In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.' Adams, 29 F.3d at 874." Briscoe v. Klaus, 538 F.3d at 260-61 (some citations omitted).  Here, the plaintiff has failed to respond to a defense motion which alleges that the plaintiff's food poisoning claims are demonstrably false.  The plaintiff has also failed to timely file pleadings, and has not complied with orders of the Court.  Thus, the plaintiff's conduct displays "[e]xtensive

or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the plaintiff in this case.  In this setting we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence.  Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir.1994).  At this juncture, when the plaintiff has failed to comply with instructions of the Court directing the plaintiff to take specific actions in this case, and has violated the Local Rules, the Court is compelled to conclude that the plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders,  lesser sanctions may not be an effective alternative. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008); Emerson, 296 F.3d at 191. This case presents such a situation where the plaintiff's status as a *pro se* litigant

severely limits the ability of the Court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion.  In any event, by entering our prior orders, and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail.  The plaintiff still declines to obey court orders, and otherwise ignores his responsibilities as a litigant.  Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims.  In our view, however, consideration of this factor cannot save this particular plaintiff's claims, since the plaintiff is now wholly non-compliant with his obligations as a litigant.  The plaintiff cannot refuse to address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him.  Furthermore, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus,  538 F.3d at 263.  Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent imposition of sanctions.

In any event, as discussed below, the plaintiff's claims clearly fail on their merits, yet another factor which favors dismissal of this action. The legal flaws inherent in these claims are discussed separately below.

## C.    The Plaintiff's Claims Fail as a Matter of Law

As we have previously observed, this case presents a striking circumstance. The plaintiff, a federal prisoner, has sued the United States under the Federal Tort Claims Act, alleging negligence which led to him contracting salmonella food poisoning at the United States Penitentiary, Canaan. Yet, the undisputed evidence before us presently shows that the plaintiff did not suffer from food poisoning.

This failure of proof is fatal to this claim on summary judgment. The defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56 (a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010). The substantive law identifies which facts are material, and "[o]nly disputes

over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). The Defendant has met this burden in the instant case. Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322.

Finally, a party who seeks to resist a summary judgment motion must also comply with Local Rule 56.1, which specifically directs a party opposing a motion for summary judgment to submit a "statement of the material facts, responding to the

numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted."  L.R. 56.1.  Under the Local Rules, the failure to follow these instructions  and appropriately challenge the material facts tendered by the defendant means that those facts must be deemed, since:

> A failure to file a counter-statement equates to an admission of all the facts set forth in the movant's statement.  This Local Rule serves several purposes.  First, it is designed to aid the Court in its determination of whether any genuine issue of material fact is in dispute.  Second, it affixes the burden imposed by Federal Rule of Civil Procedure 56(e), as recognized in <u>Celotex Corp. v. Catrett</u>, on the nonmoving party 'to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, *designated specific facts showing that there is a genuine issue for trial*.'  477 U.S. 317, 324 (1986) (internal quotations omitted) (emphasis added).

<u>Doe v. Winter</u>, No. 04-CV-2170, 2007 U.S. Dist. LEXIS 25517, *2 n.2 (M.D. Pa. Apr. 5, 2007) (parallel citations omitted; court's emphasis).  A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a *pro se* litigant.  These rules apply with equal force to all parties.  See <u>Sanders v. Beard</u>, No. 09-CV-1384, 2010 U.S. Dist. LEXIS, *15 (M.D. Pa. July 20, 2010) (*pro se* parties "are not excused from complying with court orders and the local rules of court"); <u>Thomas v. Norris</u>, No. 02-CV-01854, 2006 U.S. Dist. LEXIS 64347, *11 (M.D. Pa. Sept. 8, 2006) (*pro se* parties must follow the Federal Rules of Civil Procedure).

This is a negligence action brought against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq*, which governs all claims against the United States "for money damages for injury or loss of personal property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2675(a). Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances," id. at § 2674, and the "'extent of the United States' liability under the FTCA is generally determined by reference to state law.'"  In re Orthopedic Bone Screw Product Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001) (quoting Molzof v. United States, 502 U.S. 301, 305 (1992)).

Thus, a federal district court, in considering an FTCA action, must apply the law of the state in which the alleged tortious conduct occurred.  See 28 U.S.C. § 1346(b)(1991); Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987).  Construing this case under settled Pennsylvania tort law, in order to establish a cause of action for negligence, a plaintiff must prove the following elements:  (1) a duty or obligation to the plaintiff recognized by law; (2) a breach of that duty to the plaintiff; (3) a causal connection between the conduct and plaintiff's resulting injury; and (4) actual damages suffered by the plaintiff.  Pittsburgh Nat'l Bank v. Perr, 637 A.2d 334, 336 (Pa. Super. Ct. 1994).

At present, the undisputed and uncontested facts show that the plaintiff's negligence claim fails on at least three of these four essential elements of a tort claim under Pennsylvania law. Given that it is currently undisputed that the plaintiff did not, in fact, contract food poisoning, the plaintiff has failed to show either: (1) breach of a duty owed to the plaintiff; or (2) a causal connection between any conduct of the defendant and an injury to the plaintiff; or (3) any actual damages suffered by the plaintiff as a result of the defendant's conduct.

In sum, then, this claim is fatally flawed, and fails as a matter of law on the undisputed facts that are now before the Court. Accordingly, the defendant is entitled to summary judgment on this claim and, since the claim fails on its merits, all of the Poulis factors call for dismissal of this case.

Having concluded that this *pro se* complaint is flawed in profound ways, we recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the current complaint fails to state a viable civil rights cause of action, the factual and legal grounds proffered in support of this complaint make it clear that the plaintiff has

no right to relief, and the plaintiff has declined to respond to court orders, or otherwise litigate these claims.  On these facts, we conclude that granting further leave to amend would be futile or result in undue delay.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Therefore, the complaint will be dismissed without further leave to amend.

### III.   Conclusion

Accordingly, for the foregoing reasons, the defendant's Summary Judgment Motion (Doc. 23), is GRANTED and the plaintiff's complaint is dismissed.  In light of this ruling, the Defendant's subsequent motion to dismiss for failure to exhaust, (Doc. 31), will be deemed moot.

An appropriate order will issue.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: March 12, 2014